FILED
HARRISBURG

JUL 1 2011

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:11-CR-210 |
| | ) | Chief |
| v. | ) | (Judge Kane ) |
| | ) | |
| ANTHONY TRACEY | ) | (Electronically Filed) |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.

1.   Waiver of Indictment/Plea of Guilty.  The defendant agrees to

   waive indictment by a grand jury and plead guilty to a felony

information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That information will charge the defendant with a violation of Title 18, United States Code, Section 2250, failure to register as a sex offender.  The maximum penalty for that offense is imprisonment for a period of 10 years, a fine of $250,000, a maximum term of supervised release of up to life, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence

2

within the statutory maximums provided for by law, will be determined by the court after briefing, or a pre-sentence hearing, or at a sentencing hearing. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts or seek additional charges in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated, set aside, or invalidated by the district court or a ruling of an appellate court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other ground.

2. <u>Supervised Release</u>. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the

3

defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.   Sex Offender Registration (Megan's Law/Adam Walsh Act) Notice.  The defendant also understands that the Court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act and that defendant must register and keep the registration current and accurate in each of the following jurisdictions:  the location of residence; the location of employment; and location of any school that defendant is attending.  The defendant understands that such information must be updated not later than three business days after any change.  A failure to comply with these and other obligations may subject the defendant to prosecution under federal law. Finally, the defendant acknowledges that one possible

4

consequence of a guilty plea is that, after the completion of a sentence, the court may determine that the defendant is a sexually dangerous offender and may commit the defendant to a medical facility for treatment.

4. <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5. <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in

5

this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>.  If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania.  This check should be

6

made payable to "Clerk, United States District Court."
Counsel for the defendant shall provide a copy of the special
assessment check or a Clerk's receipt to the United States
Attorney's Office for the Middle District of Pennsylvania at the
time of sentencing certifying compliance with this provision of
the plea agreement.  If the defendant intentionally fails to
make this payment, pays with an insufficient funds check, or
otherwise fails to comply with any of the requirements of the
United States Attorney's Office's Financial Litigation Unit
regarding the special assessment, it is understood that this
failure may be treated as a breach of this plea agreement and
may result in further prosecution or the filing of additional
criminal charges, or a contempt citation.

8.   Collection of Financial Obligations.  In order to facilitate the
collection of financial obligations to be imposed in connection
with this case, defendant agrees fully to disclose all assets in
which defendant has an interest or over which defendant has
control, directly or indirectly, including those held by a

7

spouse, nominee, or other third party. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status and will promptly submit a completed financial statement to the United States Attorney's Office as directed. Defendant agrees that the financial statement shall be complete, accurate, and truthful. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Further, the defendant authorizes the United States Attorney's Office to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial

obligations imposed by the Court. Additionally, pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's Office.

9.   <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

10.  <u>Acceptance of Responsibility – Three Levels</u>.  Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a

plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines.  Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently.  Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office hereby moves that at sentencing the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility, provided he otherwise qualifies for such a reduction under the Sentencing Guidelines.  The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

10

11.   Appropriate Sentence Recommendation.  At the time of
sentencing, the United States may make a recommendation
that it considers appropriate based upon the nature and
circumstances of the case and the defendant's participation in
the offense, and specifically reserves the right to recommend a
sentence up to and including the maximum sentence of
imprisonment and fine allowable, together with the cost of
prosecution.

12.   Background Information for Probation Office.  The defendant
also understands that the United States will provide to the
United States Probation Office all information in its possession
which the United States deems relevant regarding the
defendant's background, character, cooperation, if any, and
involvement in this or other offenses.

13.   Objections to Pre-Sentence Report.  The defendant
understands that pursuant to the United States District Court
for the Middle District of Pennsylvania "Policy for Guideline
Sentencing" both the United States and defendant must

11

communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections

by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

14. <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

15. <u>Maximum Sentence</u>.  The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 10

13

years, a fine of $250,000, a maximum term of supervised

release of up to life, which shall be served at the conclusion of

and in addition to any term of imprisonment, the costs of

prosecution, denial of certain federal benefits and

assessments totaling $100.

16. <u>No Withdrawal of Plea Based on Sentence or</u>

<u>Recommendations</u>.  If the Court imposes a sentence with

which the defendant is dissatisfied, the defendant will not be

permitted to withdraw any guilty plea for that reason alone,

nor will the defendant be permitted to withdraw any pleas

should the Court decline to follow any recommendations by

any of the parties to this agreement.

17. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue

or initiate any civil claims or suits against the United States of

America, its agencies or employees, whether or not presently

known to the defendant, arising out of the investigation,

prosecution or cooperation covered by this agreement,

including but not limited to any claims for attorneys' fees and

14

other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
government's position in this litigation was taken in good
faith, had a substantial basis in law and fact and was not
vexatious.

18.  <u>Non-Limitation on Government's Response</u>.  Nothing in this
agreement shall restrict or limit the nature or content of the
United States's motions or responses to any motions filed on
behalf of the defendant.  Nor does this agreement in any way
restrict the government in responding to any request by the
court for briefing, argument or presentation of evidence
regarding the application of the Sentencing Guidelines to the
defendant's conduct, including but not limited to, requests for
information concerning possible sentencing departures.

19.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
agreement shall bind any other United States Attorney's

Office, state prosecutor's office or federal, state or local law enforcement agency.

20. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement.  The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  a) withdraw from this agreement, or b) make any sentencing recommendations to the Court that it deems appropriate.  The defendant further understands and agrees that, if the Court finds that the defendant has committed any

16

other offense while awaiting plea or sentencing; the defendant

will not be permitted to withdraw any guilty pleas tendered

pursuant to this plea agreement, and the government will be

permitted to bring any additional charges which it may have

against the defendant.

21.  Plea Agreement Serves Ends of Justice.  The United States is

entering into this Plea Agreement with the defendant because

this disposition of the matter fairly and adequately addresses

the gravity of the series of offenses from which the charges are

drawn, as well as the defendant's role in such offenses,

thereby serving the ends of justice.

22.  Merger of All Prior Negotiations.  This document states the

complete and only Plea Agreement between the United States

Attorney for the Middle District of Pennsylvania and the

defendant in this case, and is binding only on the parties to

this agreement, supersedes all prior understandings, if any,

whether written or oral, and cannot be modified other than in

writing that is signed by all parties or on the record in Court.

17

No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

23. Deadline for Acceptance of Plea Agreement. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., Tuesday, May 24, 2011, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

24. Required Signatures. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the

18

defendant and defense counsel and until signed by the United

States Attorney.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_Inc, 3 2011_
Date

_[signature]_
ANTHONY TRACEY
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_June 3, 2011_
Date

_[signature]_
ROBERT DANIELS
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

_6/30/11_
Date

By:  _[signature]_
JAMES T. CLANCY
ASSISTANT U.S. ATTORNEY

JTC;2011R00255;05/20/2011

19